

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
08/23/2011

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-30883 |
| CARLOS H. VALDEZ, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

### MEMORANDUM OPINION

This Court finds that Financial Hope for America ("FHA") violated certain Bankruptcy Code provisions regulating debt relief agencies. This Court also finds that FHA engaged in the unauthorized practice of law in Texas. FHA must disgorge any fees collected from Mr. Valdez and is liable for any actual damages. 11 U.S.C. § 526(c)(2). In addition, FHA and all successor entities are enjoined from operating in the Southern District of Texas until FHA demonstrates compliance with these provisions. 11 U.S.C. § 526(c)(5)(A). Additionally, this Court will refer FHA to the Texas Unauthorized Practice of Law Committee.

### FACTS

On March 28, 2011, this Court held a hearing on an Order to Show Cause why Mr. Valdez should not be sanctioned for filing a bad faith bankruptcy petition, his case should not be dismissed, and he should not be barred from filing future bankruptcy petitions. (ECF Doc. 16). During the hearing:

> Mr. Carlos Valdez testified that he filed a series of five bankruptcy petitions in order to stop the pending foreclosure of his home. He testified that he was advised to file each of the cases by Financial Hope for America. He testified that Financial Hope for America advised him to file chapter 13 bankruptcy petitions. He testified that Financial Hope for America advised him that the filing of the chapter 13 bankruptcy petitions would continuously delay the foreclosure of his home. He testified that he paid approximately $800.00 for the services of Financial Hope for America.

(ECF Doc. 19 at 1). This Court noted at the time that if the testimony proved to be accurate "Financial Hope for America has violated multiple provisions of the Bankruptcy Code and of

1 / 5

Texas law." (*Id.*). FHA did not have notice of the March 28, 2011 hearing and did not have the opportunity to cross-examine Mr. Valdez. Therefore, this Court issued an Order to FHA and successor entities to appear and to show cause why an injunction and sanctions should not be imposed. (*Id.*).

FHA failed to appear at the hearing in order to examine Mr. Valdez or to provide a response to the Court's show cause order. A lawyer for FHA did appear at an April 26, 2011 hearing. (ECF Doc. 24). The April 26, 2011 hearing was continued, (*id.*), but FHA's lawyer failed to appear at the continued hearing held on May 24, 2011. (ECF Doc. 31). The May 24, 2011 hearing was also continued. (*Id.*). On June 24, 2011, the United States Trustee deposed David Brokaw, FHA's chosen representative. (ECF Doc. 40 Ex. F). On June 28, 2011, this Court held the final hearing on the Show Cause Order. (ECF Doc. 40). FHA again failed to appear and therefore failed to offer any evidence in response to the show cause order. (*Id.*). This Court accepted Mr. Valdez's testimony from the March 28, 2011 hearing.[1]

## BANKRUPTCY CODE VIOLATIONS

The Bankruptcy Code regulates debt relief agencies. *See* 11 U.S.C. §§ 526-28. The Code defines a debt relief agency as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." 11 U.S.C. § 101(12A). Bankruptcy assistance is defined as "any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title." 11 U.S.C. § 11(4A). An assisted person is

---

[1] Mr. Valdez appeared at the June 28, 2011 hearing prepared to testify again and was available for cross examination by FHA.

defined as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $164,250." 11 U.S.C. § 101(3). The Court finds FHA to be a debt relief agency according to the above definitions.

FHA does not dispute that Mr. Valdez is an "assisted person" or that FHA is a "person" under the Bankruptcy Code.[2]

FHA provided Mr. Valdez with bankruptcy assistance. Mr. Valdez testified that FHA employees instructed him on several occasions to file for bankruptcy in order to stop the sale of his home. Thus, if true, an FHA employee provided Mr. Valdez the service of advice and counsel with respect to a case or proceeding under Title 11.

FHA did not cross-examine Mr. Valdez, but submitted internal company records and allowed an FHA representative to be deposed. (ECF Doc. 40 Ex. D & F). The internal company records are, at best, ambiguous. Certain entries could be interpreted as FHA employees giving Mr. Valdez advice about the advantages and consequences of filing for bankruptcy or as FHA employees directing Mr. Valdez to file for bankruptcy.[3] No entries contradict Mr. Valdez's assertions. (ECF Doc. 40 Ex. D). The deposition testimony of FHA's representative, Mr. Brokaw, is insufficient to overcome the impact of Mr. Valdez's testimony or of the internal records. Mr. Brokaw testified it was not FHA's policy to give bankruptcy advice and that FHA instructed employees to tell clients to speak with a lawyer if contemplating filing for bankruptcy. (ECF Doc. 40 Ex. F at 45-46). Additionally, Mr. Brokaw was asked to read and interpret the internal company records. (ECF Doc. 40 Ex. F). Mr. Brokaw interpreted the internal company records in a manner indicating FHA did not provide bankruptcy assistance to Mr. Valdez during

---

[2] An individual, partnership, or corporation may be a person under the Bankruptcy Code. 11 U.S.C. § 101(41).

[3] "Call Lender attorney for time of sale and notify client to speak with an attorney and file an emergency Ch-13." (ECF Doc. 40 Ex. D; Tuesday May 4, 2010 10:42 AM). "He was upset that BK was dismissed on 5/25. I said we wanted it dismissed . . . ." (ECF Doc. 40 Ex. D; Wednesday June 9, 2010 11:43 AM).

those telephone conversations. (*Id.*). However, Mr. Brokaw was not a party to the conversations. Mr. Brokaw's interpretation of the records and statement of FHA's policy are not enough to overcome Mr. Valdez's sworn testimony, the content of the internal company records, and circumstantial evidence indicating FHA gave Mr. Valdez bankruptcy assistance.[4]

FHA is a debt relief agency under the Code because FHA is a person who provided bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration.[5] FHA does not fall into any of the debt relief agency exceptions under § 101(12A).[6]

The Bankruptcy Code regulates debt relief agencies. *See* 11 U.S.C. §§ 526-28. FHA did not comply with all requirements. FHA misrepresented to Mr. Valdez, by material omission, "the benefits and risk that may result if [Mr. Valdez became] a debtor in a case under this title" when it advised him to file successive Chapter 13 petitions. 11 U.S.C. § 526(a)(3)(B). FHA failed to provide the § 342(b)(1) notice and other required disclosures. 11 U.S.C. § 527; *In re Irons*, 379 B.R. 680 (Bankr. S.D. Tex. 2007). FHA also failed to follow many of the § 528 requirements. *See, e.g.,* 11 U.S.C. § 528(b)(2) (requiring that debt relief agencies' advertisements referencing mortgage foreclosure help must disclose "that the assistance may involve bankruptcy relief").

---

[4] An example of such circumstantial evidence is the fact that on the dates of Mr. Valdez's first two bankruptcies (March 4, 2010 and July 6, 2010) FHA's own records show Mr. Valdez contacted FHA one and four times, respectively.

[5] It is undisputed that Mr. Valdez paid FHA money for their services.

[6] Mr. Brokaw testified that FHA had at one time sought 501(c)(3) status, which would have exempted FHA, but that FHA did not complete the application process due to the complication and expense involved. (ECF Doc. 40 Ex. F at 9-10).

## UNAUTHORIZED PRACTICE OF LAW

Bankruptcy courts look to state law to determine what constitutes the unauthorized practice of law. *See, e.g.*, *in re Guttierez*, 248 B.R. 287, 292 (Bankr. W.D. Tex. 2000). In Texas, "practice of law" is defined as:

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, *including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge*, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE ANN. § 18.101(a) (West 2010) (emphasis added). With certain exceptions inapplicable here, persons may not practice law in Texas without admission to the state bar. TEX. GOV'T CODE ANN. § 18.102(a) (West 2010). Advising someone of the advantages and consequences of filing for bankruptcy requires the use of legal skill. FHA engaged in the unauthorized practice of law.

## CONCLUSION

This Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **August 22, 2011.**

_____

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE